**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **12-02151-hb**

**ORDER**

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/01/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 05/02/2012

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 12-02151-HB |
| | Chapter 11 |
| BTR Properties LLC, | **ORDER** |
| Debtor(s). | |

On, April 2, 2012, Debtor BTR Properties LLC ("BTR") filed a voluntary petition for Chapter 11 relief, including schedules and statements. The petition was filed and signed by Brian T. Roberts ("Roberts"), sole member of BTR. The petition did not include the signature of any attorney for BTR. Under the "Type of Debtor" portion of the petition, the "corporation" box is checked, which includes an LLC, and also indicates that this is a Single Asset Real Estate case as defined in 11 U.S.C. § 101(51B). Prior to the filing of this case, Roberts also filed a petition for Chapter 11 relief on November 4, 2011, listing himself (individually) as the debtor.[1]

On April 4, 2012, the Office of the Clerk of Court sent BTR (c/o Roberts) a letter stating that BTR must be represented by an attorney in this bankruptcy case pursuant to SC LBR 9011-2. The letter also stated that:

> Unless you have your attorney file in this office, within ten (10) days of the date of this letter, a notice of appearance of representation of your partnership, corporation or other business entity in this matter, the Court will enter orders as it deems appropriate, which may include dismissal of the document you filed and imposition of sanctions.[2]

Roberts filed a Response with the Court on April 9, 2012, objecting to the requirement that BTR be represented by counsel and the Court scheduled this Status

---
[1] C/A No. 11-06855-HB. Roberts is represented by an attorney in that matter.
[2] Doc. No. 8.

Hearing.[3] The Response attached a document titled "SC Revenue Ruling 91-11,"[4] which states that "[a] limited liability company (LLC) is an unincorporated business association . . ." The Response also attached a document from the Internal Revenue Service stating that "[a]n LLC business entity must file a corporation, partnership or sole proprietorship tax return."[5] From these documents, Roberts and/or BTR claim that as a single member LLC, which is operated as a sole proprietorship, BTR may be represented by Roberts because SC LBR 9011-2 allows an individual to "represent an unincorporated business if that individual is the sole proprietor of that business." SC LBR 9011-2(b).

Roberts' reliance on the authorities set forth in the Response is misplaced. Section 12-2-25 states that "***for South Carolina tax purposes***: (1) a single-member limited liability company, which is not taxed for South Carolina income tax purposes as a corporation, is not regarded as an entity separate from its owner . . ." S.C. Code. Ann. 12-2-25(B) (emphasis added). As the statutory language plainly states, this only affects state tax purposes and, therefore, is inapplicable here.

Further, if BTR were in fact a sole proprietorship—as mentioned in document filed by Roberts (which is not the case)—then its assets and liabilities would already be a part of Roberts' bankruptcy estate and this additional bankruptcy would be superfluous. *See Moore v. Moore*, 360 S.C. 241, 259, 599 S.E. 2d 467, 476 (Ct. App. 2004) (stating that as a sole proprietor, the owner's personal income and the business's income are the same and the owner's "personal expenditures are probative as to his business's financial viability.").

---

[3] Doc. No. 12.
[4] *Id.* at Ex. C.
[5] *Id.* at Ex. D.

The Federal Rules of Bankruptcy Procedure provide that "[e]very petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name.  A party who is not represented by an attorney shall sign all papers." Fed. R. Bankr. P. 9011(a).  While individuals in bankruptcy or other court proceedings may represent themselves, the same prerogative is not afforded to corporations and other certain business entities.  It is well-established law that those entities must be represented by a licensed attorney because they are fictional legal persons; therefore, they cannot appear for themselves personally. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." (citations omitted)).

"Pursuant to 28 U.S.C. § 1654, bankruptcy courts have the statutory authority to regulate who may appear before them." *In re Wile*, C/A No. 09-04657-JW, slip op. at 2 n.3 (Bankr. D.S.C. Sept. 9, 2010).  Consistent with the long-established rule described in *Rowland*, the South Carolina Local Bankruptcy Rules require that "[a]ll partnerships, corporations and other business entities must be represented by an attorney duly admitted to practice as specified in SC LBR 2090-1, except with respect to the filing of proofs of claim or interests and reaffirmation agreements." SC LBR 9011-2(b); *see also* Local Civil Rule 83.1 IX.02 DSC (authorizing Bankruptcy Judge of the District of South Carolina "to make such rules of practice and procedure as they deem appropriate.").  This rule is also recognized under South Carolina state law. *See Renaissance Enters., Inc. v. Summit*

*Teleservices, Inc.*, 334 S.C. 649, 653, 515 S.E.2d 257, 259 (1999) (holding that a non-lawyer is not allowed to represent a corporation in state circuit or appellate courts).

An LLC, such as BTR, is a type of business entity that is "a legal entity distinct from its members." S.C. Code Ann. § 33-44-201.  Therefore, like other business entities, BTR can appear in court only through a licensed attorney. *Monster Daddy, LLC v. Monster Cable Prod. Inc.*, 2008 U.S. Dist. LEXIS 54406 (D.S.C. 2008) ("It is well established that a limited liability company is an artificial entity that cannot appear pro se and must be represented by counsel."); *see also In re 1103 Norwalk St., L.L.C.*, 01-10059C-7G, 2003 WL 23211564, at *1 (Bankr. M.D.N.C. Nov. 26, 2003), *appeal dismissed*, 174 F. App'x 787 (4th Cir. 2006) (citing various cases); *In re Unauthorized Practice of Law Rules Proposed by S.C. Bar*, 309 S.C. 304, 305, 422 S.E.2d 123, 124 (1992) ("We have refused, however, to allow an individual to represent a business entity . . ." (citing *State ex rel. Daniel v. Wells*, 191 S.C. 468, 5 S.E.2d 181 (1939)). Furthermore, "[t]he majority of other jurisdictions have held a corporation must be represented by an attorney in *all* courts." *Renaissance Enters.*, 334 S.C. at 652, 515 S.E.2d at 258 (emphasis in original) (citations omitted).

**IT IS HEREBY ORDERED THAT** pursuant to the authorities set forth above, BTR must be represented by an attorney to proceed with this bankruptcy case.